IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN SIDNEY EPPERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1199-CFC-EGT |
| | ) |
| CAPTAIN PECK, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Kevin S. Epperson, an inmate at James T. Vaughn Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original Complaint on October 28, 2024, which he amended on November 13, 2024. (D.I. 3 & 8). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the Amended Complaint be DISMISSED WITHOUT PREJUDICE and further orders that the two pending motions for leave to amend the Amended Complaint (D.I. 11 & 14) be DENIED.

**I.      BACKGROUND**

Although the Amended Complaint is difficult to follow, Plaintiff appears to claim that Correctional Officer Jenne Tomlinson falsely reported Plaintiff for making threatening statements. (D.I. 8). Plaintiff allegedly told Correctional Officer Tomlinson that he had people watching her outside the prison and asked about her mother by name (whom Correctional Officer Tomlinson had never talked about). (D.I. 8, Ex. 1). A disciplinary hearing ensued. (*See id.*). Plaintiff alleges that the hearing officer failed to credit the fact that Plaintiff's devices contained no evidence of information-gathering about Correctional Officer Tomlinson. (D.I. 8 at 3). Plaintiff also

complains that he was not allowed to confront Correctional Officer Tomlinson during the hearing, and he further claims the hearing officer was biased. (*Id.* at 8). The hearing officer relied solely on Correctional Officer Tomlinson's disciplinary report to support a guilty finding, which ultimately resulted in Plaintiff losing all privileges for 30 days. (*Id.* at 2; *id.*, Ex. 1). Plaintiff claims that the foregoing constitute due process violations (D.I. 8 at 2-3) and also resulted in his defamation (*id.* at 4).

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on

Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Ad. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Plaintiff attempts to raise due process claims arising from (1) the hearing officer not addressing Plaintiff's tablet and phone history, (2) Plaintiff not being able to confront Correctional Officer Tomlinson at the hearing, (3) the hearing officer relying solely on the disciplinary report of Correctional Officer Tomlinson in finding Plaintiff guilty and (4) the hearing officer's bias in

3

conducting Plaintiff's disciplinary hearing. Plaintiff also appears to assert a defamation claim. (D.I. 8 at 4). The Court will discuss each of these in turn.

### A. Tablet and Phone History

Plaintiff alleges that the hearing officer failed to credit the fact that Plaintiff's phone and tablet activity showed he was not researching Correctional Officer Tomlinson. (D.I. 8 at 3). An inmate has a right to present evidence to a hearing officer on his behalf in a disciplinary proceeding. *See Burns v. PA Dep't of Corr.*, 642 F.3d 163, 174 (3d Cir. 2011); *see also Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) ("We are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."). An inmate also has a right to "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Here, Plaintiff does not allege that he attempted to and was prevented from offering evidence regarding his phone and tablet history; instead, he only claims that the hearing officer "suppressed" the evidence by not discussing it in his written decision. (*See* D.I. 8 at 3).[1] But even if the phone and tablet evidence was presented at the hearing, the hearing officer was not required to discuss that evidence in his written decision if he did not rely upon it in reaching his decision. *Cf. Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. at 455 ("[T]he written statement mandated by *Wolff* requires a disciplinary board to explain the evidence relied upon."). There is no due process violation plausibly alleged here.

---

[1] It is unclear whether Plaintiff offered this evidence at his hearing. (D.I. 8, Ex. 1).

4

### B.     Right to Confrontation

Plaintiff claims that he had a right to confront his accuser (Correctional Officer Tomlinson) at his disciplinary hearing. (D.I. 8 at 8). But an inmate "does not have an absolute right to confront and cross-examine witnesses at a prison disciplinary hearing." *Young v. Kann*, 926 F.2d 1396, 1404 (3d Cir. 1991); *see also Islaam v. Kubicki*, 838 F. App'x 657, 660 (3d Cir. 2020) ("[P]risoners do not have rights to confrontation or cross-examination of witnesses during prison disciplinary proceedings."). The failure to provide an opportunity to confront Officer Tomlinson at the disciplinary hearing was not a due process violation.[2]

### C.     Reliance on Disciplinary Report

Plaintiff further claims that it was improper for the hearing officer to rely only on Correctional Officer Tomlinson's disciplinary report to support a finding of guilt. (D.I. 8 at 2). "A prison disciplinary determination comports with due process if it is based on 'some evidence.'" *Lasko v. Holt*, 334 F. App'x 474, 476 (3d Cir. 2009). "This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence." *Id.*

The disciplinary report here was written by and contained the first-hand account of Correctional Officer Tomlinson regarding the complained-of incident. (D.I. 8, Ex. 1). This is sufficient to comply with the "some evidence" standard. *See Speight v. Minor*, 245 F. App'x 213, 217 (3d Cir. 2007) ("As the District Court correctly noted, the disciplinary hearing record, specifically the charging officer's report, although meager, constitutes some evidence supporting the DHO's decision in Speight's case."); *see also Ortiz v. Holt*, 390 F. App'x 150, 152 (3d Cir.

---

[2]     Although an inmate does have a right to call witnesses in his defense, *Wolff*, 418 U.S. at 566, Plaintiff chose not to exercise that right (D.I. 8, Ex. 1 at ECF Page 2 of 4 ("10. Witness Requested? No.")).

2010) (finding "some evidence" standard met when the hearing officer relied primarily on the relevant incident report). Plaintiff also appears to take issue with the fact that the disciplinary report contains hearsay, but that "does not change its validity as evidence against him." *Ortiz*, 390 F. App'x at 152; *see also Griffin v. Spratt*, 969 F.2d 16, 22 (3d Cir. 1992) (reliance on hearsay permissible in a prison disciplinary proceeding). The hearing officer's sole reliance on Correctional Officer Tomlinson's disciplinary report was not a due process violation.

### D. Bias by the Hearing Officer

Plaintiff asserts that the hearing officer who found him guilty was biased. (*See* D.I. 8 at 3). "[T]he requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise [substantial] involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary body." *Meyers v. Aldredge*, 492 F.2d 296, 306 (3d Cir. 1974); *Drabovskiy v. Allenwood*, 597 F. App'x 47, 49-50 (3d Cir. 2015). The hearing officer does not appear to be involved in the underlying conduct for which Plaintiff was being disciplined. *See Meyers*, 492 F.2d at 306 ("This would normally include only those such as the charging and the investigating staff officers who were directly involved in the incident."). Instead, Plaintiff's claim of bias appears to be based only on the hearing officer's ultimate decision and the reasons therefor. Without more, this is insufficient to constitute bias and there is no actionable due process violation.

### E. Defamatory Statements

Plaintiff also alleges that he was defamed in the complained-of events. (D.I. 8 at 4). "[D]efamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989). Because Plaintiff fails to assert a deprivation of some other right or interest accompanying the defamatory statement(s), his

6

defamation claim must fail. *See Grubbs v. Univ. of Delaware Police Dep't*, 174 F. Supp. 3d 839, 858 (D. Del. 2016) ("It is undisputed that defamation, standing alone and apart from any other governmental action, is insufficient to state a claim for relief under 42 U.S.C. § 1983."). To the extent that Plaintiff attempts assert a claim of defamation under Delaware law, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 in the absence of a federal claim that passes screening. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

* * *

Because Plaintiff has failed to plausibly allege any cognizable claim relating to the disciplinary proceedings brought by Correctional Officer Tomlinson, the Amended Complaint should be dismissed.

### F. Motions for Leave to Further Amend the Complaint

Since filing his Amended Complaint, Plaintiff has twice attempted to file a further amended pleading. (D.I. 11 & 14). Because Plaintiff has already amended once as a matter of course, the Court views these subsequent attempts as motions for leave to amend.

The Court should freely grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."). In the context of requests for leave to amend a pleading, "futility" means that the proposed amended pleading "would fail to state a claim upon which relief could be granted" when applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *see also id.* ("[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.").

Plaintiff's motions for leave to amend would not cure the deficiencies in his Amended Complaint outlined above. Plaintiff's first motion (D.I. 11) is just a lengthy rehashing of the allegations previously included in his Amended Complaint (D.I. 8). The Court is unable to identify any new facts contained in this first motion that would permit any previously asserted claim to pass screening under §§ 1915(e)(2)(B) and 1915A(a). Plaintiff's second motion for leave (D.I. 14) similarly does not allege any new facts that would state a cognizable claim. Although Plaintiff attempts to add three new defendants relating to his placement in maximum security and the processing of related grievances (D.I. 14), there is no constitutional right to be housed in any particular prison unit. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). And Plaintiff does not have a "free-standing constitutional right to an effective grievance process." *McKeithan v. Beard*, 322 F. App'x 194, 201 (3d Cir. 2009); *see also Burnside v. Moser*, 138 F. App'x 414, 415 (3d Cir. 2005) ("Inmates do not have a constitutionally protected right to the prison grievance process."). The Court thus concludes that the proposed further amendments would be futile and, as such, the requests for leave to amend will be denied.

That being said, the Court is unable to conclude at this juncture that all amendments would be futile in this case. The Court therefore recommends that the Amended Complaint be dismissed without prejudice so that Plaintiff may attempt to allege further facts to overcome the deficiencies identified herein. Plaintiff is cautioned that any new pleading will supersede and nullify previous pleadings, and all factual allegations against each Defendant should be clearly stated as if pled for the first time. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motions for leave to amend (D.I. 11 & 14) are DENIED and the Court recommends that the Amended Complaint (D.I. 8) be DISMISSED

8

WITHOUT PREJUDICE. The Court also recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file a further amended pleading.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: April 14, 2025

_____
UNITED STATES MAGISTRATE JUDGE